IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHY ENWERE, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-0102-K-BH |
| | ) | |
| ONCOR ELECTRIC & ENERGY | ) | |
| COMPANY, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

On January 10, 2017, Cathy Enwere (Plaintiff) filed this civil action against Oncor Electric & Energy Company and TXU Company. (doc. 3.) Her complaint states that her

> body is now deteriorating because the electrical currents running threw [sic] her body some body parts have deteriorated already because of electric and magnetic fields invisible areas of energy often referred to as radiation Smart Meter radiation bad health effects from it Im expose to it inside my home. All around the world people are reporting wirerless [sic] radiation.

(*Id.* at 2.)[1] As a result, she is sick and "has bones missing out left & right foot, nose hairs gone, liver, kidney, stomach, colina [sic], inflamation all over entirer [sic] body." (*Id.* at 3.) Plaintiff seeks to have the defendants pay her medical bills and find her a place to stay pending resolution of her claims as well as a full investigation by the federal courts. (*Id.*) No process has been issued.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges no factual support for her claims that electrical currents and radiation from her electric meter inside her home are causing deterioration of her body. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*,

2

109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world).

### III.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 11th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE